# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | ) Magistrate Docket No. '07MJ2827 |
|---|---|
| | ) COMPLAINT FOR VIOLATION OF: |
| Plaintiff | ) TITLE 18 U.S.C. § 1544 |
| | ) Misuse of Passport |
| v. | ) |
| | ) TITLE 8 U.S.C. § 1324(a)(2)(B)(ii) |
| Everardo Joel CONTRERAS GONZALEZ | ) Bringing in Illegal Alien(s) for |
| AKA: Ramon NOAH AYALA | ) Financial Gain |
| | ) |
| | ) TITLE 18 U.S.C. § 2 |
| | ) Aiding and Abetting |

The undersigned complainant, being duly sworn, states:

### Count 1
On or about December 5, 2007, within the Southern District of California, defendant Everardo Joel CONTRERAS GONZALEZ did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 401704944, issued to Ramon NOAH AYALA, to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Ramon NOAH AYALA, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport; in violation of Title 18, United States Code, Section 1544.

### Count 2
On or about December 5, 2007, within the Southern District of California, defendant Everardo Joel CONTRERAS GONZALEZ, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Victor GONZALEZ REYES, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This ____ day of _____, 2007.

_____ UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS**

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1.  I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2.  During the performance of my duties, I have obtained evidence that Everardo Joel CONTRERAS GONZALEZ, aka Ramon NOAH AYALA used the passport issued for the use of another. This Affidavit is made in support of a complaint against Everardo Joel CONTRERAS GONZALEZ for violation of Title 18, U.S.C., Section 1544, Misuse of a Passport; Title 8 U.S.C. 1324(a)(2)(B)(ii), Bringing in Alien for Financial Gain; and Title 18, U.S.C., Section 2, Aiding and Abetting.

3.  The Affiant states that Victor GONZALEZ REYES is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

4.  On 12/05/2007, at approximately 1223 hours, Everardo Joel CONTRERAS GONZALEZ, who was driving a vehicle with one passenger, presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the vehicle lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with US Passport number 401704944, bearing the name Ramon NOAH AYALA, DPOB 08/28/1965, Mexico, and a photograph that resembled DEFENDANT. DEFENDANT also presented a resident alien card # 045588392, bearing the name Toribio SANCHEZ LOPEZ, for his passenger, Victor GONZALEZ REYES. The CBP Officer noticed that the vehicle license plates were expired and questioned DEFENDANT who stated that the car was not his. CBP Officers referred the vehicle and its occupants for secondary inspection.

5.  On 12/05/2007, a CBP Officer conducted a secondary inspection of Victor GONZALEZ REYES, who admitted to being a citizen of Mexico with no entitlements to enter the United States. The person is hereby referred to as MATERIAL WITNESS.

6.  On 12/05/2007, a CBP Officer conducted a secondary inspection of DEFENDANT. During the interview DEFENDANT admitted that his true name was Everardo Joel CONTRERAS GONZALEZ, DOB 07/13/1973. He admitted that he received remuneration in the form of a discount on the price of purchasing a U.S. passport in exchange for driving a vehicle that he knew contained an undocumented alien across the International Border. DEFENDANT said that the smuggler provided the vehicle and the passport and visa documents, for both he and his passenger. DEFENDANT stated that he knew the passenger did not have any legal documents to cross the border. Fingerprint checks revealed that DEFENDANT had a FBI record in NCIC for 3 previous arrests and convictions. DEFENDANT was placed in a cell at 1400 hours.

7. On 12/05/2007, at approximately 1300 hours, the Affiant was notified by the CBP from the San Ysidro POE, of the case.

8. On 12/05/2007, at approximately 1800 hours, DEFENDANT was retrieved from his cell and was brought to an upstairs interview room. The Affiant, assisted by CBP Officers De Anda, who also served as a translator when necessary, obtained consent from DEFENDANT to have his interview audio and video taped. DEFENDANT read his Miranda warning aloud in Spanish from a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Everardo Joel CONTRERAS GONZALEZ, DPOB, 07/13/1973, Tijuana, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States.

9. DEFENDANT said that he had previously been living illegally in the United States. DEFENDANT admitted that for a promise of remuneration from a smuggler, he agreed to drive a vehicle, with a person that he knew to be an alien with a false US Resident Alien Card, across the International Border from Mexico to the United States. He said that when they pulled up to the inspection booth, DEFENDANT gave the CBP officer both US passport number 401704944, bearing the name Ramon NOAH AYALA, as his identification document, as well as US resident alien card # 045588392, bearing the name Toribio SANCHEZ LOPEZ, for his passenger, MATERIAL WITNESS.

10. During secondary inspection, CBP officers found an alternate ID for the passenger with a different name. He said the officer asked him how he got the passport, to which DEFENDANT responded that he was in the same situation as his passenger, admitting that he too had a false document. DEFENDANT acknowledged knowing that the passport he presented was not issued to him or designed for his use, and that it was a violation of US law to use the passport of another. He also acknowledged that he knew that by presenting a US passport he was claiming to be a US citizen and that it is against US law to claim to be a US citizen if you are not. DEFENDANT also stated that he knew his passenger was an alien and had been provided a false document to illegally enter the United States, and that by transporting the alien, across the border, he was committing a violation of US law.

11. DEFENDANT said that it does not matter how long he goes to jail, that when he is released and subsequently deported, he will the return to the US immediately.

12. During subsequent processing of DEFENDANT, he asked the affiant what would happen if he tried to escape back to Mexico. He was advised against trying to escape.

13. On 12/05/2007, a videotaped interview of MATERIAL WITNESS was conducted by a CBP Officer. MATERIAL WITNESS admitted he is a citizen of Mexico by birth in Ocatepec, Puebla, Mexico with no legal documents to enter, pass through, or remain in the United States. Material Witness stated he was going to San Diego, CA to resume employment. MATERIAL WITNESS stated he made the arrangements on 12/05/2007 with an unknown person in Tijuana for him to be smuggled into the U.S. for $3500.00 (USD), payable upon his arrival in the United States. MATERIAL WITNESS stated he first saw DEFENDANT the morning of 12/05/2007, in Tijuana when the unknown smuggler gave them some documents and a vehicle for them to drive into the United States. MATERIAL WITNESS stated the unknown smuggler told them they would pay the smuggling fee once they were in the United States. MATERIAL WITNESS stated he thought DEFENDANT knew he did not have legal documents to enter into the United States. MATERIAL WITNESS stated DEFENDANT presented the documents to the primary Officer. MATERIAL WITNESS stated he knew it was illegal to enter the United States



in this manner. MATERIAL WITNESS further stated he knows he needs legal documents to enter into the United States. MATERIAL WITNESS stated he had no pending applications with immigration.

14.  On the basis of the facts presented in this probable cause statement consisting of 3 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offenses on 12/052007 - in violation of Title18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Ramon NOAH AYALA, knowing that it was not issued or designed for his use, in order to gain admission into the United States; Title 8 United States Code 1324(a)(2)(B)(ii), Bringing in Alien for Financial Gain; and Title 18, U.S.C., Section 2, Aiding and Abetting, when he, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Victor GONZALEZ REYES, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain

_____
Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

_____UNITED STATES MAGISTRATE JUDGE